UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIELLE EPPS, | ) | CASE NO.  1:23-cv-01462 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) | **OPINION AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Darrell A. Clay recommending that the Commissioner of Social Security's ("Commissioner") be vacated and remanded.  (Doc. No. 14.)

Under the relevant statute:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C) (flush language).

The R&R was issued on June 4, 2024.  (Doc. No. 14.)  On June 5, 2024, the Commissioner of Social Security filed a response indicated that the agency would not be filing objections to the Report and Recommendation.  (Doc. No. 15.)

Here, the Magistrate Judge stated that the ALJ's residual functional capacity ("RFC") was not supported by substantial evidence.  (Doc. No. 14 at 2299-2302.)  The Magistrate Judge noted that there was only one medical source statement relating to Plaintiff's physical

limitations, which the ALJ rejected as "temporary in scope and conclusory, offering no guidance regarding function-by-function restrictions." (*Id.* at 2301.) Accordingly, the Magistrate Judge stated that "it is not clear, and the decision does not explain how, the ALJ could make a detailed RFC finding when the reviewing state agency physicians could not." (*Id.*)

The R&R noted the ALJ's "responsibility to develop the record further" and the Commissioner's attempts to develop the record through four consultative examinations of Plaintiff's physical impairments. (*Id.* at 2301-02.) Plaintiff did not attend two of these examinations due to transportation issues and two examinations were canceled either by the consultative examiner or the state agency. (*Id.* at 2302.) However, the Magistrate Judge stated that the ALJ did not analyze the reasons Plaintiff failed to attend the examinations and instead "evaluated the medical evidence, and without guidance from any medical source, interpreted medical data into functional limitations." (*Id.*) For this reason, the Magistrate Judge recommended that this Court reverse the Commissioner's decision and remand for further proceedings. (*Id.*)

In cases where the ALJ's legal reasoning or consideration of evidence in social security benefits determinations warrant a remand, the established practice is to remand to the Commissioner of Social Security. *See, e.g.*, Hargett v. Comm'r of Soc. Sec., 964 F.3d 546, 548 (6th Cir. 2020) (remanding to the Commissioner where the ALJ failed to properly consider a function capacity evaluation in denying social security benefits); *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 534 (6th Cir. 2014) (vacating and remanding case to the Commissioner for further proceedings after finding the ALJ's error "was not harmless" and "call[ed] into question many of the ALJ's conclusions regarding other evidence in the record.").

Having heard no objection from either party, the Court ADOPTS the Report and Recommendation, VACATES the final decision of the Commissioner, and REMANDS this matter to the Commissioner for further proceedings consistent with the Report and Recommendation.

**IT IS SO ORDERED.**

Date: June 26, 2024

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE